MINNIE V. SWITZER v. MARGARET DAVIS, *et al.*, Appellants.

**Party Wall:** CONSTRUCTION OF STATUTE. Code, 2019, authorizes
1  one who is "about" to build, contiguous to the land of a neighbor, to rest half of his wall on the neighbor's land. *Held*, a statement made by one, two years after he has begun the building of such wall, that he "intends to erect a party wall of brick thereon," shows no right to build, under said statute.

**Practice Supreme Court:** PRESUMPTION FOR JUDGMENT BELOW.
2  Where there is but one issue of fact made by the pleadings, and appellant assigns as error, that the evidence is insufficient to sustain the decision of the trial court, it will be assumed, on appeal, that such issue was determined against the appellant.

*Appeal from Clinton District Court.* — HON. B. P. WOLFE, Judge.

FRIDAY, FEBRUARY 7, 1896.

THE plaintiff is the owner of lot 5, and the defendant, Margaret Davis, is the owner of lot 6, in block 14, in the city of Clinton, Iowa. These lots are contiguous, and the defendants have erected a stone wall, on the line between the lots, eighteen inches in thickness, so that one-half thereof, rests on the land of the plaintiff. This wall, to the height of the surface of the ground, was built in April, 1892, and it so remains to this time. On the plaintiff's lot is her house, occupied as a homestead, and this action is brought to enjoin the defendants, who are husband and wife, from maintaining the wall where it is, and for damage, for the wrongful act of placing it where it is. The defendants justify the act, of placing the wall

where it is, under the law providing for walls in common, and stating that the wall was placed there when the defendant, Margaret Davis, was about to erect, on her lot, a one-story brick building, and that at the time of erecting said stone wall, she intended, and that she still intends, to erect on said wall, a party wall of brick, at least one story in height, under the provisions of the law as to such walls. The plaintiff, by way of reply, denies the averments of good faith, and intention to build such wall, and avers the acts of the defendants to be intentionally wrong and malicious, and denies the validity of the law, under which it is claimed that the wall is placed there. The cause was tried without a jury, and judgment given for the plaintiff. The defendants appealed.—*Affirmed.*

*Walsh Bros.* for appellants.

*Chase & Seaman* and *E. S. James* for appellee.

GRANGER, J.—Two propositions are presented on the appeal: First, whether or not the facts bring the defendants within the provisions of the law, as to walls in common, so as to justify the act of placing the wall on the line; and, second, the validity of the act granting such a right.

It seems that the court below thought the act unconstitutional, but the record does not disclose its finding as to the other proposition, which is largely one of fact. If we should differ with the court below, and hold the law valid, we could not for that reason reverse the judgment, if it had support in the second proposition; that is, if the facts did not bring the defendants within the provisions of the law. Hence, for appellants to succeed in this court, both propositions must be determined in their favor. The law must be held valid, and the facts must bring them

within its provisions.    If, however, they are not within its provisions, the question of the validity of the law is of no importance in this case; and if this is true, it is better to leave the question of the validity of the law, for consideration in a case in which it is really involved.

The law under which defendants justify their acts is as follows, (Code, section 2019): "In cities and towns and other places surveyed into building lots, the plats whereof are recorded; he who is about to build contiguous to the land of his neighbor, may if there is no wall on the line between them, build a brick or stone wall at least as high as the first story, if the whole thickness of said wall above the cellar wall does not exceed eighteen inches, exclusive of the plastering, and rest one-half of the same on his neighbor's land; but the latter shall not be compelled to contribute to the expense of said wall."    It will be seen that the right to build a wall in common, is limited to one "who is about to build contiguous to the land of his neighbor."    The contention is as to the word "about."    It is not enough that one "intends" to build, to have such a right.    He must be "about" to build.    "About," as defined, means "nearly, approximately, almost."    It seems to us that appellant's pleadings, to a great extent, settle this proposition against them.    In an amendment to their answer filed as late as June 18, 1894,—more than two years after the commencement of the wall,—it is stated only that Margaret Davis "intends" to erect on said wall a "party wall of brick."    The right to take the land of another does not depend on such a purpose.    It rests on the fact that a building is "about" to be erected, the wall of which may be placed on the line.    There is some testimony that the defendants have again commenced the work, and intend to continue it until the wall is completed.    We must assume that the court found

the facts against them, necessary to bring them within the statute. The parties are in contention as to this fact, because the court specified its finding as to the validity of the law, and said nothing on the question of fact, and gave judgment for plaintiff. As we have said, in no way can appellants have a reversal, except both propositions are determined in their favor.

2    It is a law action, as tried, and defendants pleaded the law in justification, and they have the burden of showing themselves within its provisions. If the district court disregarded that issue, then it has not been tried; and in a law action, on appeal, it cannot be tried anew in this court. No assignment of error brings such an action of the court in question, and we can only consider errors upon assignment. It is more consistent to assume that the court found upon the issues submitted, where the contrary does not appear, so as to bring the case within the errors assigned. An assignment of error presents the question of the sufficiency of the evidence to sustain the findings of the court. That could only refer to the issue as to a compliance with the law, for that is the only issue of fact in the case.

The appellants also argue the assignments as to the evidence in a reply, all of which indicates that the proposition is properly before us for consideration. Assuming that the court found the facts against the defendants, the finding has support in the evidence. There is a strong showing of a want of good faith, if not of malice. The judgment is AFFIRMED.